Fred CLAY, Jr., by His Father and Natural Guardian, Fred Clay, Sr., and Fred Clay, Sr., in His Own Right, Appellant in No. 13,042,

Richard H. Young, Administrator of Estate of Emma Mosby, Deceased, Appellant in No. 13,043,

Mary Belle Clay, Administratrix of Estate of Dock H. Mosby, Deceased, Appellant in No. 13,044,

Geneva Snuggs, Administratrix of Estate of John Henry Snuggs, Deceased, Appellant in No. 13,045,

v.

GREYHOUND CORPORATION, a Delaware Corporation (Defendant and Third Party Plaintiff),

v.

Maggie Ellison, Administratrix of Estate of Samuel Ellison, Deceased (Third Party Defendant).

Nos. 13042–13045.

United States Court of Appeals Third Circuit.

Argued Feb. 5, 1960.

Decided Feb. 15, 1960.

---

Dennis C. Harrington, Pittsburgh, Pa. (McArdle, Harrington & McLaughlin, Pittsburgh, Pa., on the brief), for appellants.

Harold E. McCamey, Pittsburgh, Pa. (David H. Trushel, and Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., on the brief), for Greyhound Corp.

Before GOODRICH, HASTIE and FORMAN, Circuit Judges.

PER CURIAM.

These are several appeals by unsuccessful plaintiffs in personal injury suits which followed a disastrous accident on the Pennsylvania Turnpike in July, 1955. The appellants now say that, although no objection was made to the instructions of the trial judge, he committed grave and fundamental error in that he did not charge the jury on concurrent causes in terms of our decision in Kendrick v. Piper Aircraft Corporation, 3 Cir., 1959, 265 F.2d 482. We have noted the facts of the case and we have examined the charge of the trial judge. We see no basis for invoking the rule that even in spite of absence of objection taken at the time fundamental errors which impair the fairness of the result reached at the trial will be corrected on appeal. The case was fairly tried and the jury returned a considered verdict.

The judgment will be affirmed.